Mr. Chief Justice ShakKey
delivered the opinion of the court.
Finney, Lee & Co. commenced this suit by attachment in May, 1840, returnable to the October term of the circuit court of Warren county. At the April term, 1841, the defendant pleaded in abatement that the promises in the declaration mentioned were made by the defendant jointly with C. F. Buckley, still living, and not by defendant alone. The plaintiff demurred, and defendant joined in demurrer. Before the demurrer was disposed of, at the same term of the court, the defendant moved to quash the attachment for various reasons set forth in the motion. This motion was sustained, and from that decision *454 the plaintiff appealed. At the July term, 1843, of this court, the judgment of the circuit court quashing the attachment was reversed, and at April term, 1844, the certificate of reversal was filed in the circuit court. As the judgment on the motion alone was reversed, there being no other judgment in. the case, the cause stood when remanded as it had stood when the motion was made, to wit, on demurrer to the plea in abatement. After the cause had remained in court in this condition from April, 1844, until June of that year, the defendant then filed, without leave of court, a plea to the jurisdiction, thiat both plaintiff and defendant were non-residents, and suit by attachment would not lie. Without taking any notice of this plea, the plaintiff obtained leave to withdraw his demurrer to the plea in abatement first pleaded, and took issue. Two years after this had been done, to wit, in June, 1846, after depositions had been taken, the defendant obtained leave to withdraw the plea in abatement on which the plaintiff had taken issue. The cause then stood without any plea, unless the plea to the jurisdiction, put in as above stated, be considered as properly pleaded. But after the defendant had withdrawn his plea in abatement for non-joinder of parties, the plaintiff moved to reject the plea to this jurisdiction, and this motion was sustained. The cause then stood without answer, and a default was taken and writ of inquiry awarded. The defendant, however, exce'pted to the decision of the court rejecting the plea to the jurisdiction, and on this exception the case comes up. The question is, was the plea to the jurisdiction properly rejected under the circumstances. We think it undoubtedly was.
The plea, under different circumstances, would have been a proper one. But the statute does not so far subvert the settled order of pleading, as to make it proper at any stage of the cause for the party to plead to the jurisdiction of the court. This cause had been litigated four years before this plea was put in. It had gone through the circuit court, as well as through this court. There are two statutory provisions on this subject. By the first, the defendant is authorized to plead as many matters of law or fact as he may judge necessary to his defence, provided *455 he be not permitted to demur and plead to the whole. H. <fc H. Dig. 589. By the second, the defendant is authorized to plead as many pleas in bar of the action as he may choose, although some may be to the party or the character of the party. Ib. 597. These statutes allow the party to exercise his discretion as to the matter pleaded, but not the time of pleading. Alliston v. Lindsey, just decided. The general rule is, that a plea to the jurisdiction must precede a plea to the action, as by pleading to the action the party admits the jurisdiction of the court, and waives the objection, as he may do when it does not go to the subject matter of the suit.
But it is contended, that it is never too late to question the jurisdiction. This is not true, when the objection is personal. The attachment is but process; and objections to process are generally waived by appearance to the action. The court in this instance had jurisdiction of the subject matter; it was a matter of contract, transitory in its character. But suit could not be instituted by this particular process, because the remedy by attachment is not given to non-residents; not prohibited to them, but not given. . It was the defendant’s privilege not to submit to be sued by attachment; as between himself and the plaintiffs it was not the proper process, but he could waive this objection, either directly, or impliedly. It was but a question of jurisdiction over the person, and by adopting a particular course of pleading, he admits that the court has jurisdiction over him; that he is properly in court. The doctrine that consent does not give jurisdiction has no application; it is only true as to the subject matter of the suit. But consent will give jurisdiction over the person. The objection that the plea had been filed two years, and therefore could not be rejected, amounts to nothing. It was not filed by leave of the court, nor had it been noticed by the other party; it had not in fact been received as a plea.
Judgment affirmed.